IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JEFFERY MOERKE

                                             OPINION AND ORDER

                       Plaintiff,

and

WISCONSIN POWER AND LIGHT COMPANY

                    Involuntary Plaintiff,

                                     12-cv-903-bbc

        v.

ALTEC INDUSTRIES, INC., HETRONIC USA, INC.,
LEXINGTON INSURANCE COMPANY and MAX HECKL

                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this civil action, plaintiff Jeffery Moerke is suing defendants Altec Industries, Inc., Hetronic USA, Inc., Lexington Insurance Company, and Max Heckl for injuries he alleges he sustained as a result of a defective product.  He is asserting claims under state law for strict liability and negligence.

Defendant Max Heckl has filed a motion to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), or in the alternative, for failure to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6).    Because I agree with defendant Heckl that plaintiff has not met his burden to show that Heckl has minimum contacts with Wisconsin, as required by the due process clause and Wisconsin's long arm statute, I am

1

granting defendant Heckl's motion to dismiss.  This makes it unnecessary to consider defendant Heckl's motion under Rule 12(b)(6).

In the course of reviewing defendant Heckl's motion to dismiss, I uncovered questions about the court's subject matter jurisdiction to hear this case.  The parties rely on 28 U.S.C. § 1332 as a basis for jurisdiction, which requires a showing that the amount in controversy is greater than $75,000 and that the plaintiffs and defendants are citizens of different states. However, the parties have not provided enough information to determine whether those requirements have been met.  Although it was not necessary to determine whether subject matter jurisdiction exists before dismissing the complaint as to defendant Heckl for lack of personal jurisdiction, Sinochem International Co. Ltd. v. Malaysia International Shipping Corp., 549 U.S. 422, 431(2007), the case cannot proceed further until subject matter jurisdiction is established.  Accordingly, I will give the parties an opportunity to make that showing.

From the complaint and the documents submitted by the parties in connection with the pending motion to dismiss, I draw the following facts, solely for the purpose of deciding the motion.


FACTS

At all times relevant to this case, plaintiff Jeffery Moerke worked for Wisconsin Power and Light Company.  On February 16, 2011, he was assisting in a project that required him and another employee, Gail Sieren, to use a truck to remove five poles from Skaalen Road

in Stoughton, Wisconsin.  After the removal of the fifth pole, plaintiff placed debris in the truck while Siren used a remote control to maneuver the boom toward the trailer attached to the truck.  While Siren was operating the remote control, it malfunctioned, causing the truck's boom to bump into the overhead power line.  Because plaintiff was in contact with the truck at the time, he received an electrical shock of approximately 7200 volts through his left rib cage and left thigh.

Defendants Altec Industries, Inc. and Hetronic USA, Inc. manufactured the remote control that caused the accident. Defendant Altec sold the device.

In 2008, Methode Electronics, Inc. purchased defendant Hetronic.  At the time of the sale, defendant Heckl was a "prominent" shareholder of Hetronic. (Plaintiff also alleges that Heckl was the owner and director of Hetronic.)  Heckl signed a contract in his individual capacity in which he agreed to indemnify Methode for any product liability claims "arising from occurrences on or prior to the Closing Date."  (Plaintiff does not know whether the remote control at issue was manufactured before or after Methode purchased Hetronic.)

Defendant Heckl has never been a resident of the state of Wisconsin. He does not own property in Wisconsin, has never paid taxes in the state and has no employees there.


OPINION

A. Personal Jurisdiction

On a motion to dismiss for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2), the burden of proof rests on the plaintiff to make a prima facie showing that an

exercise of jurisdiction is appropriate. <u>Hyatt International Corp. v. Coco</u>, 302 F.3d 707, 713 (7th Cir. 2002). In deciding defendants' motion, this court must accept as true all well-pleaded facts alleged in the complaint and also resolve in plaintiff's favor all disputes concerning relevant facts presented in the record. <u>Purdue Research Foundation v. Sanofi-Synthelabo, S.A.</u>, 338 F.3d 773, 782 (7th Cir. 2003) (quoting <u>Nelson v. Park Industries, Inc.</u>, 717 F.2d 1120, 1123 (7th Cir. 1983)). <u>See also</u> <u>Tamburo v. Dworkin</u>, 601 F.3d 693, 700 (7th Cir. 2010) (quoting same).

A federal court has personal jurisdiction over a non-consenting, nonresident defendant to the extent authorized by the law of the state in which that court sits, <u>Giotis v. Apollo of the Ozarks, Inc.</u>, 800 F.2d 660, 664 (7th Cir. 1986), unless the federal statute at issue permits nationwide service or the defendant is not subject to personal jurisdiction in any state in the United States, Fed. R. Civ. P. 4(k)(1); <u>Janmark, Inc. v. Reidy</u>, 132 F.3d 1200, 1201-02 (7th Cir. 1997). Because the parties do not assert that either exception applies in this case, the issue is whether there is personal jurisdiction over defendant under Wisconsin law.

In Wisconsin, this is a two-step inquiry. First, the court must determine whether the defendant falls within the grasp of Wisconsin's long-arm statute, Wis. Stat. § 801.05. <u>Logan Products, Inc. v. Optibase, Inc.</u>, 103 F.3d 49, 52 (7th Cir. 1996); <u>Kopke v. A. Hartrodt S.R.L.</u>, 245 Wis. 2d 396, 408-09, 629 N.W.2d 662, 667-68 (2001). If the statutory requirements are satisfied, the court must consider whether the exercise of jurisdiction over the defendant comports with due process requirements of the Fourteenth Amendment of the

United States Constitution.  Id.

In arguing that this court may exercise personal jurisdiction over defendant Heckl, plaintiff relies entirely on a contract that Heckl signed in which he agreed to indemnify a company called Methode Electronics, Inc. for product liability claims arising from products that defendant Hetronic manufactured before Hetronic was sold to Methode.  Plaintiff acknowledges that he does not know when the remote control at issue in this case was manufactured, but even if I assume that it was manufactured before Methode bought Hetronic, Heckl's indemnity agreement with Methode is not sufficient to satisfy the requirements of Wisconsin's long arm statute or the due process clause.

With respect to the long arm statute, plaintiff relies exclusively on Wis Stat. § 801.05(4):

> (4) Local injury; foreign act.  In any action claiming injury to person or property within the state arising out of an act or omission outside this state by the defendant, provided in addition that at the time of the injury, either:
>
> (a) Solicitation or service activities were carried on within this state by or on behalf of the defendant; or
>
> (b) Products, materials or things processed, serviced or manufactured by the defendant were used or consumed within this state in the ordinary course of trade.

Plaintiff says that § 801.05(4) applies because the remote control that allegedly injured him was "manufactured by Hetronic, then placed into a product sold by defendant Altec."  Plt.'s Br., dkt. #48, at 5.  The problem with this argument is that plaintiff does not identify anything that *Heckl* did that would make him subject to § 801.05(4).  In other words, plaintiff does not allege that his injury "ar[o]s[e] out of an act or omission outside

5

this state by" Heckl.  Obviously, the indemnification agreement did not cause plaintiff's injury.  To the extent that plaintiff is assuming that Hetronic's contacts to Wisconsin can be imputed to Heckl, that is incorrect.  A corporate officer's contacts with a state must be determined separately from the corporation.  GCIU-Employer Retirement Fund v. Goldfarb Corp., 565 F.3d 1018, 1023-24 (7th Cir. 2009).

Even if I assume that plaintiff could satisfy the requirements of the long arm statute, I would have to dismiss the complaint as to defendant Heckl under the due process clause, which requires the plaintiff to show that the defendant has "certain minimum contacts with the state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." RAR, Inc. v. Turner Diesel, Ltd., 107 F.3d 1272, 1277 (7th Cir. 1997) (internal quotations and alterations omitted).  Contacts are not sufficient unless the defendant has "purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Hanson v. Denckla, 357 U.S. 235, 253 (1958).   Stated another way, the question is whether the defendant has obtained a benefit from Wisconsin or inflicted an injury on one of its citizens that would lead one to reasonably anticipate being haled into court here.  World-Wide Volkswagen Corp. v. Woodson,  444 U.S. 286, 297 (1980).

Personal jurisdiction under the due process clause is divided into two types, general and specific.  Mobile Anesthesiologists Chicago, LLC v. Anesthesia Associates of Houston Metroplex, P.A., 623 F.3d 440, 444 (7th Cir. 2010).  General jurisdiction means that the defendant "may be called into court there to answer for any alleged wrong, committed in any

place." uBID, Inc. v. GoDaddy Group, Inc., 623 F.3d 421, 425-26 (7th Cir. 2010). This "is a demanding standard that requires the defendant to have such extensive contacts with the state that it can be treated as present in the state for essentially all purposes." Id. Specific jurisdiction has three elements: (1) the defendant must have purposefully availed himself of the privilege of conducting business in the forum state or purposefully directed his activities at the state; (2) the alleged injury must have arisen from the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with traditional notions of fair play and substantial justice. Felland v. Clifton, 682 F.3d 665, 673 (7th Cir. 2012).

Plaintiff does not cite any case law in support of a conclusion that defendant Heckl's indemnification agreement with Methode is a sufficient contact to satisfy the requirements of either general jurisdiction or specific jurisdiction. In fact, plaintiff does not even say which type of jurisdiction applies in this case. Instead, plaintiff says that defendant Heckl "waived personal jurisdiction objections" by signing the indemnification agreement because he knew that Hetronic shipped products to Wisconsin at the time, so he knew that Hetronic could be sued there. Plt.'s Br., dkt. #48, at 4.

Because plaintiff is relying on a single agreement, there is no plausible argument that plaintiff could satisfy the requirements of general jurisdiction. Even with respect to specific jurisdiction, plaintiff faces a problem similar to the one he faced with respect to § 801.05(4), which is that his alleged injury did not arise out of the indemnification agreement. Although there may be a colorable argument that the indemnification agreement would provide a basis

7

for *Methode* to sue Heckl in a particular state, I see no way that an agreement between Heckl and Methode could give *plaintiff* the right to sue Heckl in Wisconsin, particularly when Methode is not even a party to the case.  Accordingly, I am granting defendant Heckl's motion to dismiss for lack of personal jurisdiction.


B.  Subject Matter Jurisdiction

Initially, plaintiff filed this case in state court against defendant Altec, but Altec removed the case under 28 U.S.C. §§ 1441 and 1446, relying on 28 U.S.C. § 1332 as a basis for jurisdiction, which requires a showing that the plaintiff and defendant are citizens of different states and an amount in controversy greater than $75,000.  Since defendant removed the case, plaintiff has amended the complaint to include defendants Hetronic, Lexington Insurance and Heckl.  Dkt. #30.  Although plaintiff still relies on § 1332 as a basis for jurisdiction, his amended complaint is missing facts necessary to determine whether subject matter jurisdiction is present.

It is reasonable to infer from plaintiff's alleged injury that more than $75,000 is in controversy.  The question is whether plaintiff's citizenship is different from defendants'.  With respect to plaintiff's own citizenship, he says that he is a "resident" of Wisconsin.  However, an individual's citizenship under § 1332 is determined not by her residency, but by her "domicile," which is "the state in which [she] intends to live over the long run."  Heinen v. Northrop Grumman Corp.,  671 F.3d 669, 670 (7th Cir. 2012). The Court of Appeals for the Seventh Circuit has stated in numerous cases that allegations about residency

8

are not enough.  In re Sprint Nextel Corp., 593 F.3d 669, 673-74 (7th Cir. 2010) ("[B]eing a resident isn't the same thing as being a citizen, that is to say, a domiciliary . . . .  [A] court may not draw conclusions about the citizenship of [parties] based on things like their phone numbers and mailing addresses.").  See also Heinen, 671 F.3d at 670 ("'[C]itizenship' for the purpose of 28 U.S.C. § 1332 depends on domicile rather than residence."); Macken ex rel. Macken v. Jensen, 333 F.3d 797, 799 (7th Cir. 2003); McMahon v. Bunn-O-Matic Corp., 150 F.3d 651, 653 (7th Cir. 1998).  Thus, plaintiff must identify not just where he lives, but whether he intends to remain there.

With respect to the other parties, I need not consider Heckl's citizenship because I am dismissing him from the case.  The remaining defendants are business entities rather than individuals.  If a party is a corporation, the general rule is that it is a citizen of the state in which it is incorporated and the state in which it maintains its principal place of business.  28 U.S.C. § 1332(c)(1).  If a party is an unincorporated business entity, the general rule is that the party is a citizen of each state in which its members are citizens.  Indiana Gas Co., Inc. v. Home Insurance Co., 141 F.3d 314, 316 (7th Cir. 1998) ("Unincorporated business entities . . . are treated as citizens of every jurisdiction in which any equity investor or member is a citizen . . . .  Membership associations such as labor unions, joint stock companies, and joint ventures take the citizenship of each member.").

Plaintiff says that defendant Hetronic has its principal place of business in Oklahoma, but he does not identify the state in which Hetronic is incorporated.  He does not include any information about defendant Lexington's citizenship.  Without that information I

9

cannot determine whether diversity jurisdiction is present. (Defendant Altec represented in its notice of removal that Alabama is both Altec's state of incorporation and the location of its principal place of business, so it is not necessary to submit additional information about that defendant.)

Finally, plaintiff says nothing about the citizenship of "involuntary plaintiff" Wisconsin Power and Light Company. In its notice of removal, defendant Altec stated that Wisconsin Power and Light has its principal place of business in Wisconsin, but it did not identify what type of business entity Wisconsin Light and Power is, or, if it is a corporation, where it is incorporated.

Generally, the party that removed the case to federal court, in this case defendant Altec, has the burden to prove diversity of citizenship. Smart v. Local 702 International Brotherhood of Electrical Workers, 562 F.3d 798, 802-03 (7th Cir, 2009). However, I am aware that some of the jurisdictional questions have arisen because of plaintiffs' decision to add new defendants. Thus, it may be in all the parties' interests to submit a joint filing that addresses each of the issues raised in this order. However, if the parties are unable to do this, Altec should make the first attempt to show that jurisdiction is present. If it is unable to obtain the information necessary to show that the diversity requirements are met as to defendant Hetronic or defendant Lexington, then defendant Altec should address the issue whether those defendants should be dismissed from the case or the case should be remanded to state court. Schur v. L.A. Weight Loss Centers, Inc., 577 F.3d 752, 759 (7th Cir. 2009) (under 28 U.S.C. § 1447(e), if party added after removal destroys diversity jurisdiction,

court may remand case or deny joinder of new parties if remand would be inequitable under the circumstances).

One final matter requires attention, which is plaintiff's decision to name Wisconsin Power and Light as an "involuntary plaintiff."  The use of "involuntary plaintiffs" in federal court is governed by Fed. R. Civ. P. 19.  Under Rule 19(a)(2), "[a] person who refuses to join as a plaintiff may be made either a defendant or, in a proper case, an involuntary plaintiff." I have noted that "[t]he use of Rule 19 in a federal case to join an involuntary plaintiff is rare." Elborough v. Evansville Community School District, 636 F. Supp. 2d 812, 826 (W.D. Wis. 2009).  This is because a party who wishes to name an involuntary plaintiff must show that the absent party has refused to be joined as a plaintiff and is outside the court's jurisdiction.  7 Charles Alan Wright, Arthur R. Miller and Mary Kay Kane, Federal Practice and Procedure § 1606, at 73 (3d ed. 2001) ("A party may be made an involuntary plaintiff only if the person is beyond the jurisdiction of the court, and is notified of the action, but refuses to join."). See also Murray v. Mississippi Farm Bureau Casualty Insurance Co., 251 F.R.D. 361, 364 (W.D. Wis. 2008) ("Traditionally, a 'proper case' is one in which the involuntary plaintiff is outside the court's jurisdiction and is under some obligation to join the plaintiff's lawsuit but has refused to do so."). Otherwise, the absent party must be joined and served as a defendant and then realigned if necessary. 4 Moore's Federal Practice § 19.04[4][a] (3d ed. 2010) ("If the absentee is subject to personal jurisdiction, the court will order the absentee joined and served as a defendant.")(emphasis in original).

The situations in which parties may be made involuntary plaintiffs are limited under

the rules out of fairness to the absent party:

> These limitations are necessary because the involuntary plaintiff procedure allows a person to be made a party to the action without service of process and permits the court to enter a judgment that has preclusive effect as to the involuntary plaintiff. There is no justification for resorting to it when the party actually is subject to the jurisdiction of the court.

Wright, supra, at 74–75. In other words, if a plaintiff is permitted to name anyone it wants as an involuntary plaintiff, without following a particular procedure, there is a danger that the absent party will not have sufficient notice or an adequate opportunity to protect its rights.

In this case, plaintiff has not shown either that Wisconsin Power and Light has refused to join the lawsuit or that it is outside the court's jurisdiction.  Accordingly, I will give plaintiff an opportunity to amend his complaint to join Wisconsin Power and Light as a plaintiff or to name the company as a defendant and serve the complaint on it.

Plaintiff alleges that Wisconsin Power and Light was included in the lawsuit because it has a potential subrogation interest as result of worker's compensation payments to plaintiff after he was injured, so it is likely that Wisconsin Power and Light should be aligned with plaintiff for the purpose of determining diversity of citizenship.  E.g., Paulson v. Wisconsin Central, Ltd. No. 11-cv-303-bbc, slip op. at 3 (W.D. Wis. Jul. 19, 2011) (insurance company subrogated to plaintiff's rights against defendant properly aligned as plaintiff); Frahm v. Marshfield Clinic, 2007 WL 3287841, *2  (W.D.Wis. Nov. 7, 2007) (realigning insurance company as plaintiff because its "only interest in this lawsuit is in recovering money it has already paid to plaintiff; it may be entitled to do so if plaintiff is

successful in her claims against defendants"). See also In re Novak, 932 F.2d 1397, 1408 (11th Cir. 1991) ("[I]nsurers generally have litigation interests aligned with their insured's interests: the insurer either must indemnify its insured (the defendant) or has subrogation rights to any judgment secured by its insured (the plaintiff).").  However, if any of the parties have a different view, they should include it in their response to this order.

ORDER

IT IS ORDERED that

1.  Defendant Max Heckl's motion to dismiss for lack of personal jurisdiction, dkt. #46, is GRANTED.   Plaintiff Jeffrey Moerke's amended complaint, dkt. #30, is DISMISSED as to defendant Heckl.

2.  Defendant Altec Industries, Inc. and any other party who wishes to proceed in federal court may have until December 9, 2013 to show that subject matter jurisdiction exists in this case, addressing each of the issues raised in this order.  Any party who wishes to file a response may have until December 16, 2013, to do so.  In the event that defendant Hetronic USA, Inc.'s or defendant Lexington Insurance Company's presence in the lawsuit destroys diversity jurisdiction, the parties should address the question whether the appropriate course of action is to dismiss the party or remand the case to state court.

3.  Plaintiff may have until December 9, 2013 to file an amended complaint that: (1) names Wisconsin Power and Light Company as a plaintiff (and is signed by counsel for the company); or (2) names Wisconsin Power and Light as a defendant, accompanied by proof

13

of service and a motion for realignment.  If plaintiff fails to respond by December 9, I will dismiss Wisconsin Power and Light from the case.

Entered this 26th day of November, 2013.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

14