IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JEFFERY MOERKE

                                                        ORDER

                    Plaintiff,

and

WISCONSIN POWER AND LIGHT COMPANY

                Involuntary Plaintiff,

                                                    12-cv-903-bbc

    v.

ALTEC INDUSTRIES, INC., HETRONIC USA, INC.,
and LEXINGTON INSURANCE COMPANY,

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      In this civil action, plaintiff Jeffery Moerke is suing defendants Altec Industries, Inc., Hetronic USA, Inc. and Lexington Insurance Company for injuries he alleges he sustained as a result of a defective product. In an order dated November 26, 2013, dkt. #56, I informed plaintiff that he could not name Wisconsin Power and Light Company as an involuntary plaintiff because he had not shown that Wisconsin Power and Light had refused to join the lawsuit and was outside the court's jurisdiction. Such a showing is the only circumstance in which a party may be named as an involuntary plaintiff in federal court. 7 Charles Alan Wright, Arthur R. Miller and Mary Kay Kane, Federal Practice and Procedure § 1606, at 73 (3d ed. 2001) ("A party may be made an involuntary plaintiff only if the

1

person is beyond the jurisdiction of the court, and is notified of the action, but refuses to join."). See also Murray v. Mississippi Farm Bureau Casualty Insurance Co., 251 F.R.D. 361, 364 (W.D. Wis. 2008) ("Traditionally, a 'proper case' is one in which the involuntary plaintiff is outside the court's jurisdiction and is under some obligation to join the plaintiff's lawsuit but has refused to do so.").

I gave plaintiff until December 9, 2013, to file an amended complaint that (1) names Wisconsin Power and Light Company as a plaintiff (and is signed by counsel for the company); or (2) names Wisconsin Power and Light as a defendant, accompanied by proof of service and a motion for realignment. I told plaintiff that, if he failed to respond by December 9, I will dismiss Wisconsin Power and Light from the case.

Because neither plaintiff nor Wisconsin Power and Light responded to the order, I am dropping Wisconsin Power and Light from the case for improper joinder. Fed. R. Civ. P. 21 ("Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party.").

ORDER

IT IS ORDERED that Wisconsin Power and Light Company is DROPPED from

plaintiff Jeffery Moerke's complaint under Fed. R. Civ. P. 21.

Entered this 7th day of January, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge

3